UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM G.A.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-07008-TLN-CKD

A# 243-033-512

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner William G.A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a reply. (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner entered the United States on or about August 23, 2022, by crossing the border into Eagle Pass, Texas without inspection. (ECF No. 7-1 at 2.) Petitioner was subsequently detained by immigration authorities but served a Notice to Appear and released on his own recognizance. (*Id.*) Petitioner has a pending asylum application. (*Id.* at 3.)

On January 21, 2026, Petitioner was arrested for child abuse by local law enforcement in Utah. (*Id.*) The charge remains pending. (*Id.*) On June 9, 2026, Petitioner was detained by immigration authorities at the Layton Justice Court in Utah. (*Id.* at 2.) He was eventually transferred to the California City ICE Facility. (ECF No. 1 at 1.) Petitioner has now been detained for over three months without a hearing before a neutral decisionmaker to determine whether his detention is justified. (*Id.* at 2.)

Petitioner filed the instant Petition on September 2, 2026. (*Id.* at 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.* at 6–8.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

///

///

## III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.[2] (ECF No. 1 at 6–8.) In reply, Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). (ECF No. 7 at 1.) They acknowledge however that the Ninth Circuit holds Petitioner's detention is governed by 8 U.S.C. § 1226(a) ("§ 1226(a)"), and he is eligible for a custody determination hearing. (*Id.*) Respondents claim Petitioner will obtain a custody redetermination hearing upon request. (*Id.*)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. <u>Liberty Interest</u>

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields

---

[2] Petitioner also claims Respondents violated the Sixth Amendment and Eighth Amendment. However, the Court declines to address these additional claims as the Court finds relief warranted under the Fifth Amendment claim.

significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. The government's decision to release Petitioner on conditions was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Respondents do not claim, and there is nothing on the record to suggest that Petitioner violated any of the terms of his release. Petitioner has lived in the United States for several years, during which time he pursued immigration relief. The amount of time Petitioner spent released in this country and the life he built in that time create a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

The Court rejects Respondents' argument that Petitioner is subject to mandatory detention under § 1225(b)(2). As Respondents acknowledge, the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez*, 2026 WL 2196424 at *3. The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under § 1226(a). *Id.* at *3. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). These factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a significant private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Although Respondents filed documentation of Petitioner's arrest, they do not argue Petitioner's arrest is a ground for mandatory detention, nor claim Petitioner poses a danger to the community or is a flight risk. (*See generally* ECF No. 7.) Without any showing by Respondents of a legitimate interest in detaining Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025).

Finally, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Notice and custody determination hearings are routine processes for Respondents. Indeed, they are the very processes required under 8 U.S.C. § 1226(a) and its implementing regulations. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents articulate no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention was justified "at

a meaningful time and in a meaningful manner." 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Failing to do so, Respondents have violated the Fifth Amendment Due Process Clause in Petitioner's detention. The appropriate remedy for this violation of Petitioner's constitutional rights is immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citing *Hamdi*, 542 U.S. at 536)).

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner William G.A. (A# 243-033-512) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions and provide a copy of this Order. **Respondents must file a notice certifying compliance with this provision within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government shows by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) is DENIED as moot.

5. **The Clerk of Court is directed to serve California City ICE Facility with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 11, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE